```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK


                                  .   Case No. 18-22979-rdd
IN RE:                            .
                                  .   Chapter 13
ROBERT CAPUTO,                    .
                                  .   300 Quarropas Street
                                  .   White Plains, NY 10601
               Debtor.            .
                                  .   Wednesday, April 24, 2019
. . . . . . . . . . . . . . . .       1:40 p.m.
```

TRANSCRIPT OF OBJECTION TO CONFIRMATION OF PLAN
(RELATED DOCUMENT(S) 9);
CONFIRMATION HEARING;
LOSS MITIGATION STATUS CONFERENCE WITH JPMORGAN CHASE BANK,
N.A. WITH RESPECT TO 2 SNOWDROP COURT, NEW CITY, NY 10956, LOAN
ENDING IN 5801.  THE INITIAL STATUS CONFERENCE CANNOT BE
ADJOURNED WITHOUT PERMISSION OF THE COURT AND CONSENT OF THE
OTHER LOSS MITIGATION PARTIES (RELATED DOC #17);
OBJECTION TO CONFIRMATION OF PLAN (RELATED DOCUMENT(S) 9);
MOTION TO DISMISS CASE

**BEFORE THE HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Tirelli Law Group, LLC<br>By: LINDA M. TIRELLI, ESQ.<br>50 Main Street, Suite 1265<br>White Plains, NY  10606<br>(91) 732-3222 |
| For JPMorgan Chase<br>Bank, N.A.: | McCalla Raymer Leibert Pierce, LLC<br>By: TINA W. ASHKENAZY, ESQ.<br>2 Northway<br>Hartsdale, NY  10530<br>(914) 261-1771 |
| Audio Operator: | Narotam Rai, ECR |
| Transcription Company: | Access Transcripts, LLC<br>517 Dell Road<br>Landing, NJ  07850<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1        (Proceedings commence at 1:40 p.m.)
2              THE CLERK:  18-22979, Robert Caputo.
3              MS. ASHKENAZY:  Good afternoon, Your Honor.  Tina
4   Ashkenazy, McCalla Raymer Leibert Pierce, for JPMorgan Chase
5   Bank.
6              MS. TIRELLI:  And good afternoon, Your Honor.  Linda
7   Tirelli on behalf of the debtor, Mr. Robert Caputo.
8              THE COURT:  Okay.  I saw Ms. Licker's letter from the
9   22nd.  She still wants less money, right?  That's the sum of
10  it?
11             MS. TIRELLI:  Your Honor, it just -- I saw the
12  letter.  It just -- I just want to go on the record because,
13  you know, what they -- they're, I guess, looking at a chance
14  streamline review.  It does not consider debt-to-income ratio,
15  it does not verify income.  There is no income component
16  whatsoever.  It does not consider expenses or liquid assets,
17  but underneath that analysis, they're unable to create a
18  reduction in payment.
19             THE COURT:  Okay.
20             MS. TIRELLI:  I don't understand that at all.  Okay?
21  My client is just, at this point, kind -- it's like "I'm just
22  done" point, if you will.
23             I filed a motion to sell the property.  We have a
24  ready, willing, and able buyer who's willing to take it off his
25  hands.  It's a large property.  It's 3,700 square feet.  My

1  client is a single gentleman, you know, in his mid-to-late
2  fifties.  He feels he doesn't need this property.  He doesn't
3  want to, you know, the upkeep or -- I'm sorry, do the upkeep of
4  it and the other (indiscernible) benefits he will no longer
5  have the expenses associated --
6              THE COURT:  Is it on the market?
7              MS. TIRELLI:  He had it on the market a while back
8  but it never sold.
9              THE COURT:  Well, when you say you filed a motion, is
10 there a contract?
11             MS. TIRELLI:  We have a contract.  He has a buyer,
12 Your Honor.
13             THE COURT:  And what's it for?
14             MS. TIRELLI:  I believe it's for about 474-, 475-.
15 There's a second mortgage lien on this property by PNC Bank.
16             THE COURT:  Right.
17             MS. TIRELLI:  So we don't think that a short sale
18 would ever be approved by Chase because, at this point, they're
19 not (indiscernible).  So he just wants to do a 363 sale at this
20 point, so we filed the motion for that.
21             THE COURT:  Okay.  Did you get a date for that?
22             MS. TIRELLI:  I believe it's July 24th.
23             THE COURT:  Okay.
24             MS. TIRELLI:  I just wanted, just for the record
25 again, I was telling counsel that if they would like to come in

1  and do an appraisal, they're more than welcome to do that.

2          THE COURT:  Well, they don't have any interest in
3  what the property's worth because Chase doesn't think that way
4  apparently anymore.

5          MS. TIRELLI:  Apparently not, Your Honor.

6          THE COURT:  They don't care.  They're not really a
7  bank, as far as I can tell.  They -- maybe a few people in the
8  institution think like they're bankers, but this is ridiculous,
9  you know.  I would have thought they would have gotten the
10 message by now.  I did require the last transcript to be sent
11 to the general counsel.  Maybe they'll wake up someday, but I
12 wouldn't own stock in this bank.

13         So, yeah, they should do an appraisal if they want to
14 get in to get this property if they think that this price is
15 too low.  We'll see if they -- if they're asleep there too.  So
16 I'll adjourn everything to July 24th and I'm terminating loss
17 mitigation based on the -- this should be put in the order:
18 based on the lender's incompetence.

19         MS. TIRELLI:  Your Honor, I will put that in the
20 order.

21         THE COURT:  Okay.

22         UNIDENTIFIED:  I don't think you'd argue with that.

23         MS. TIRELLI:  I'll do all caps.

24         THE COURT:  No, you don't have to do it in all caps.
25 Based on the lender's incompetence and refusal to take more

1  money.  Put that in.  Which are basically the same thing, as
2  far as I'm concerned.
3          MS. TIRELLI:  I'll do it.
4          THE COURT:  Okay.
5          MS. ASHKENAZY:  Thank you, Your Honor.
6          THE COURT:  Okay.
7       (Concluded at 1:44 p.m.)
8                        * * * * *

15                    **C E R T I F I C A T I O N**

17       I, Lisa Luciano, court-approved transcriber, hereby
18  certify that the foregoing is a correct transcript from the
19  official electronic sound recording of the proceedings in the
20  above-entitled matter, and to the best of my ability.

23  ___*Lisa Luciano*___
24  LISA LUCIANO, AAERT NO. 327      DATE:  July 19, 2019
25  ACCESS TRANSCRIPTS, LLC